## FALK v. STATE.

No. 13522.

Court of Criminal Appeals of Texas.
May 7, 1930.

Rehearing Granted May 28, 1930.

J. Mitch Johnson, of San Saba, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for adultery; punishment, a fine of $50.

We find in the record neither statement of facts nor bills of exception.

The judgment will be affirmed.

On Motion for Rehearing.

HAWKINS, J.

When the judgment in this case was affirmed, no statement of facts was before us. One is now on file and under the showing made is entitled to consideration.

The only question is a challenge to the sufficiency of the evidence. The count submitted to the jury charged that appellant was an unmarried man and lived together with and had carnal intercourse with an unmarried woman, naming her. The evidence shows that appellant and his paramour rented a room which had one bed in it; that one of them stated in the presence of the other at the time they secured the room that they were

married. The evidence circumstantially shows that the two lived together in said room for about three weeks. The night the parties were arrested, appellant told the sheriff they were married, but was unable to produce a marriage certificate, whereupon they were taken into custody and placed in jail. The state called the alleged paramour as a witness, who testified that she was with appellant when he rented the room; that she was not a married woman at that time nor at the time of the trial, and had never been married to appellant. She gave no testimony as to their relations.

This prosecution was under article 503, P. C. (1925), and it was necessary for the state to prove that *both* parties were unmarried. Wells v. State, 9 Tex. App. 160. We fail to find a word of testimony upon this point as it applies to appellant save the statement of the paramour to the effect that she was not married to him. Giving full effect to her statement it does not establish his status in the regard mentioned. The paramour was an accomplice witness. Merritt v. State, 10 Tex. App. 402; Branch's Ann. Tex. P. C. § 1057. No fact necessary to conviction could be established by her testimony without the corroboration required by the statute. Article 718, C. C. P. (1925). We find no corroboration to her evidence upon the point that she was unmarried. Upon the question of the status of both appellant and the paramour as being "unmarried," the quantum of evidence required by the law is lacking.

Appellant's motion for rehearing is granted, the opinion of affirmance is set aside, and the judgment of the trial court is now reversed, and the cause remanded.